# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory A. Scher, | Civ. No. 19-2001 (SRN/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bureau of Prisons; Capt. J. Feda; Lt. Bordt; and FMC Rochester, | |
| Defendants. | |

Gregory A. Scher, Reg. No. 00480-122, FMC- Rochester, PO Box 4000, Rochester, MN 55903, *pro se* Plaintiff.

Anna H. Voss, Esq., Assistant United States Attorney, attorney for Defendants.

This matter was referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Presently before the Court is Plaintiff's Motion for Summary Judgment. (Doc. No. 15.) For the reasons set forth below, this Court recommends that the motion be denied as premature.

Plaintiff Gregory A. Scher filed his Complaint in this matter on July 29, 2019. (Doc. No. 1, Compl.) In its Order granting Plaintiff's application to proceed *in forma pauperis*, this Court directed Plaintiff to properly complete and serve Marshal Service Forms (Form USM-285) for each Defendant in this matter pursuant to Federal Rule of Civil Procedure 4(i). (Doc. No. 6.) Plaintiff did so, and summonses were issued to Defendants Bordt, FMC Rochester, and J. Feda on September 16, 2019. (Doc. No. 8.) For reasons that are unclear, however, the Marshal's Service did not serve the United States

Attorney's Office for the District of Minnesota or the United States Attorney General, as required by Rule 4(i). As a consequence, and despite Defendants' evident awareness of this matter (*see* Doc. Nos. 19, 27), Plaintiff's lawsuit did not move forward.

Plaintiff filed his Motion for Summary Judgment in this matter on November 25, 2019. (Doc. No. 15, Mot. for Summ. J.) However, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Gilmore v. Martin Cty. Sheriff Dep't*, No. 19-CV-0141 (WMW/ECW), 2019 WL 3878090, at *4 (D. Minn. July 12, 2019), *report and recommendation adopted*, 2019 WL 3859516 (D. Minn. Aug. 16, 2019) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Federal courts lack "jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements." *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982). "Absent service, the Court does not have jurisdiction over the Defendant[s] and could not enter a summary judgment against [them]." *Ontiveros v. Ontiveros*, No. 0:18-CV-1916 (WMW/KMM), 2019 WL 1459028, at *1-2 (D. Minn. Feb. 25, 2019), *report and recommendation adopted*, 2019 WL 1455202 (D. Minn. Apr. 2, 2019).

As explained above, service has not been perfected on Defendants as required by Rule 4(i). Consequently, no Defendant has filed an answer and no party has yet had a meaningful opportunity to conduct pre-trial discovery. This Court recognizes that this situation is not of the Plaintiff's making, but because there may be material questions of

fact with respect to Plaintiff's claims, it would be premature for the Court to entertain his Motion for Summary Judgment.

For all of these reasons, this Court recommends that Plaintiff's Motion for Summary Judgment (Doc. No. 15) be denied as premature at this time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment **(Doc. No. 15)** be **DENIED** as premature at this time.

Dated: May 7, 2020				*s/ Becky R. Thorson*
						BECKY R. THORSON
						United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).