## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gregory A. Scher,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Bureau of Prisons; Capt. J. Feda; Lt.<br>Bordt; and FMC Rochester,<br><br>　　　　　Defendants. | Civ. No. 19-2001 (SRN/BRT)<br><br><br>**REPORT AND<br>RECOMMENDATION** |

Gregory A. Scher, Reg. No. 00480-122, FMC- Rochester, PO Box 4000, Rochester, MN 55903, *pro se* Plaintiff.

Anna H. Voss, Esq., Assistant United States Attorney, attorney for Defendants.

This matter was referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Presently before the Court is Plaintiff's Motion for Default Judgment. (Doc. No. 45.) For the reasons set forth below, this Court recommends that the motion be denied.

### I.　　Procedural Background

Plaintiff Gregory A. Scher filed his Complaint in this matter on July 29, 2019. (Doc. No. 1, Compl.) On September 4, 2019, the Court granted Plaintiff's application to proceed *in forma pauperis*, and directed Plaintiff to properly complete and serve Marshal Service Forms (Form USM-285) for each Defendant in this matter pursuant to Federal Rule of Civil Procedure 4(i). (Doc. No. 6.) Plaintiff filled out the forms and summonses were issued to Defendants Bordt, FMC Rochester, and J. Feda on September 16, 2019,

but the Marshal's Service did not serve the United States Attorney's Office for the District of Minnesota or the United States Attorney General, as required by Rule 4(i). The Court docket indicated "Summons Returned Executed by Gregory A. Scher" and that an answer was due November 6, 2019. (Doc. No. 13.) Relying on the mistaken assumption that the Defendants had been served and that an answer was overdue, Plaintiff moved for default and filed a Motion for Summary Judgment on November 25, 2020. (Doc. No. 16.) But the Clerk's Office had incorrectly docketed the answer deadline and informed the Plaintiff on December 6, 2020, that Defendant's answer due date was December 16, 2019. (Doc. No. 20.) Plaintiff wrote the Clerk's Office regarding the confusion. (Doc. No. 21.)

On March 2, 2020, incorrectly assuming that the Defendants had been properly served, this Court ordered case materials sent to the United States Attorney's Office for the District of Minnesota on March 2, 2020. (Doc. No. 27.) That directive, however, did not constitute service of process under Rule 4(i), which requires that a summons and complaint be served on both the United States Attorney's Office for this District and the United States Attorney General's Office in Washington D.C. In response, counsel for Defendants filed a letter on March 5, 2020, explaining that Defendants had never been properly served. The Assistant United States Attorney explained the steps Plaintiff needed to take to perfect service in this matter. (Doc. No. 28.) After receiving the United States Attorney's Office letter dated March 5, 2020, Plaintiff did not remedy the defect in service, however, but appealed this Court's Order and filed a Motion to Recuse the undersigned on March 10, 2020. (Doc. Nos. 29, 32.) Because of the appeal and motion,

this Court could not act until the District Court's Order denying Plaintiff's Motion to Recuse was issued on May 1, 2020. (Doc. No. 39.) On May 1, 2020, the District Court issued an Order on Plaintiff's Appeal and Objection. (Doc. No. 39.)

When it became apparent that service had not yet been made on the Defendants, on May 6, 2020, this Court ordered the Clerk's Office to perfect service on Defendants by mailing a Summons and Complaint to the United States Attorney's Office for the District of Minnesota and the United States Attorney General's Office in Washington D.C. (Doc. No. 40.) On May 7, 2020, this Court recommended that Plaintiff's Motion for Summary Judgment on the grounds that Defendants failed to timely answer or otherwise respond to Plaintiff's Complaint be denied. (Doc. No. 41.) On May 15, 2020, Plaintiff filed the Motion for Default Judgment presently before this Court. (Doc. No. 45.) On May 18, 2020, Defendants' Summons was returned executed with an answer due date of July 13, 2020. (Doc. No. 46.)

### II.   Analysis

Pursuant to Rule 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A Judgment of default may, thereafter, be entered on application to the Court." *Semler v. Klang*, 603 F. Supp. 2d 1211, 1218 (D. Minn. 2009) (citing Fed. R. Civ. P. 55(b) and *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Whether to enter a default rests within the court's discretion. *Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991).

Here, Plaintiff argues that this Court's Order of March 2, 2020, effectively served Defendants and that their failure to respond to that Order in a timely fashion entitles him to an entry of default judgment. (Doc. No. 45, Mot. for Default 1.) This is incorrect. As explained above, on the date this Court issued that Order, the failure to perfect service on Defendants had not yet come to light. As a consequence, this Court was working under the impression Defendants had already been properly served; the Order was not intended to perfect service on Defendants, nor could it have done so in light of Rule 4(i)'s requirement that a summons and complaint be served upon both the local United States Attorney's Office and the United States Attorney General's Office. Defendants were not effectively served until May 12, 2020, and their answer is not due until July 13, 2020. (*See* Doc. No. 46.) Accordingly, Plaintiff's Motion for Default Judgment should be denied.

### III.   Conclusion

For all of these reasons, this Court recommends that Plaintiff's Motion for Default Judgment (Doc. No. 45) be denied at this time.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Defendant's Motion for Default Judgment **(Doc. No. 45)** be **DENIED WITHOUT PREJUDICE**.

Dated: July 1, 2020					*s/ Becky R. Thorson*
						BECKY R. THORSON
						United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

5