# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Gregory A. Scher,

        Plaintiff,

v.

Bureau of Prisons, et al.,

        Defendants.

Civ. No. 19-2001 (SRN/BRT)

**ORDER AND REPORT
AND RECOMMENDATION**

Gregory A. Scher, *pro se* Plaintiff.

Anna H. Voss, Esq., Assistant United States Attorney, attorney for Defendants.

This matter was referred to the undersigned for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Presently before the Court are Defendants' Motion to Dismiss and/or for Summary Judgment, Plaintiff's Motion to Strike Defendants' Motion to Dismiss, and Plaintiff's Motion for Service of Summons and Complaint. (Doc. Nos. 60, 81, 86.) For the reasons set forth below, this Court denies Plaintiff's Motion for Service of Summons and Complaint, and recommends that Defendants' Motion to Dismiss and/or for Summary Judgment and Plaintiff's Motion to Strike Defendants' Motion to Dismiss motions be denied as moot.

## I.    Procedural Background

Plaintiff Gregory A. Scher filed his Complaint in this matter on July 29, 2019. (Doc. No. 1, Compl.) On July 7, 2020, Defendants filed a Motion to Dismiss and/or for Summary Judgment, and a supporting memorandum of law. (Doc. No. 60, 62.) On July 9,

2020, this Court issued a Briefing Order requiring Plaintiff to respond by August 7, 2020. (Doc. No. 67.) On July 20, 2020, Plaintiff requested an extension of time to respond, citing health issues, and this Court granted that request, extending Plaintiff's response deadline to October 1, 2020. (Doc. Nos. 72, 74.) On October 1, 2020, Plaintiff moved for "an enlargement of time in which to plead," citing his release from prison, computer troubles, and restrictions related to COVID-19. (Doc. No. 76 at 2.) This Court granted that request in part, extending Plaintiff's deadline to respond to November 2, 2020. (Doc. No. 77.) This Court also observed that while the deadline for amending Plaintiff's Complaint set by the Scheduling Order had expired (*see* Doc. No. 68 at 1), the Court would liberally construe Plaintiff's motion to encompass a request to extend the 21-day period set forth in Fed. R. Civ. P. 15(a)(1)(B) (Doc. No. 76 at 2 n.1).[1] Plaintiff's time to amend the Complaint thus was also extended to November 2, 2020.[2]

---

[1]  Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course "21 days after serving it" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Good reasons for denying leave to amend include: undue delay, bad faith, dilatory motive, futility, and repeated failure to cure deficiencies despite previously allowed amendments. *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 907–08 (8th Cir. 1999). While there is no absolute right to amend, "a motion to amend should be denied on the merits only if it asserts clearly frivolous claims or defenses." *Id.* at 908 (internal quotation marks omitted). "Whether to grant a motion for leave to amend is within the sound discretion of the court." *Id.*

[2]  Plaintiff filed a separate Motion for Extension of Time on November 3, 2020 that was granted by the District Court, but that motion did not pertain to the motions presently before this Court. (*See* Doc. Nos. 82, 83.)

On October 20, 2020, Plaintiff filed an Amended Complaint, and "Suggestions in Opposition to Defendants' Motion to Dismiss." (Doc. Nos. 78, 79.) The Amended Complaint added seven additional Defendants, provisional "John and Jane Doe" Defendants, and clarified the names of two existing Defendants, and new summonses were issued on October 22, 2020.[3] (*See* Doc. No. 80.) The Amended Complaint also added new claims, factual allegations, and damages. (*See* Doc. No. 78, Am. Compl.) On October 23, 2020, Plaintiff filed a Motion to Strike Defendants' Motion to Dismiss, citing Defendants' alleged failure to meet and confer with Plaintiff prior to filing their motion. (Doc. No. 81.) And on November 27, 2020, Plaintiff filed a Motion for Service of Summons and Complaint requesting that the Marshals Service serve a Summons and the Amended Complaint upon all Defendants in this matter. (Doc. No. 86.)

## II.    Analysis

### A. Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 15(a)(1)(B) permits a plaintiff to amend a compliant once as a matter of course within 21 days of service of a Rule 12(b) motion. This deadline was extended by the Court's previous order. (Doc. No. 76.) When a party files an amended complaint, a pending motion to dismiss may be rendered moot. *See Manos v. Fed. Bureau of Prisons*, No. 18-CV-0427 (PJS/HB), 2019 WL 1494604, at *2

---

[3]     The new Defendants named in the Amended Complaint are Michael Carvajal, Steve Kallis, Dr. Sheila Hadaway, Rhonda Woltman, US Public Health Service (USPHS), Capt. Brian Lewis, and Mark Morgan. The Amended Complaint also clarified the names of existing Defendants Capt. Jessica Feda and Lt. Daniel Bordt. (*See* Doc. No. 78.)

(D. Minn. Mar. 11, 2019), *report and recommendation adopted*, No. 18-CV-0427 (PJS/HB), 2019 WL 1491789 (D. Minn. Apr. 4, 2019) (granting plaintiff's motion to amend complaint, and denying defendants' motion to dismiss as moot) (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [plaintiff's] motion to amend the complaint rendered moot [the defendant's] motion to dismiss the original complaint."). Here, the Court deems Plaintiff's Amended Complaint to be timely filed based upon its previous Order. To the extent there is any dispute that the Amended Complaint was not timely filed pursuant to that Order by November 2, 2020, the Court concludes that Plaintiff may amend his complaint "to secure the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. Thus, Plaintiff's Amended Complaint (Doc. No. 78, Am. Compl.) is now the operative complaint going forward.

Defendants' pending Motion to Dismiss predates the filing of Plaintiff's Amended Complaint. This Court finds that it would not be practical or efficient to apply the existing motion to dismiss to the Amended Complaint because Defendants have not addressed the new allegations and demand for damages. (*See* Am. Compl.). Further, Defendants will not be prejudiced by the denial of the current motion as moot given the early stage of this case. If Defendants choose to file another motion to dismiss in lieu of an answer, they may re-use any applicable work product. Consequently, this Court recommends denying Defendants' Motion to Dismiss and/or for Summary Judgment as moot.

4

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike Defendants' Motion to Dismiss and/or for Summary Judgment for Defendants' alleged failure to attempt to meet and confer with Plaintiff pursuant to the Local Rules. (Doc. No. 81.) Because the Court recommends denying Defendants' Motion to Dismiss and/or for Summary Judgment as moot, it further recommends denying Plaintiff's Motion to Strike that motion as moot.

### C. Plaintiff's Supplementation to the Amended Compliant

In a separate filing, Plaintiff represents that he is awaiting a notarized affidavit from a physician to supplement the record. (Doc. No. 84.) Plaintiff claims that the affidavit will state that the physician will testify at trial that the injuries Plaintiff complains of were (1) a result of injuries received from the Defendants as set forth in the Amended Complaint, and (2) that the only possible remedy for said injuries is surgery and physical rehabilitation. (Doc. No. 84 at 1–2.)

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and states:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). The Court has broad discretion to determine whether a supplemental pleading is permissible. *Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960).

5

To the extent Plaintiff wishes to supplement his Amended Complaint with an affidavit, he must act expeditiously. Accordingly, Plaintiff will be given until January 4, 2021, to supplement his Amended Complaint with a notarized affidavit from a physician. If any further amendments to the Amended Complaint are sought, Plaintiff must first file a formal motion for leave to amend his Amended Complaint pursuant to Rule 15(a)(2) and Local Rule 15.1.

### D. Deadline for Defendants to Answer or Respond to Plaintiff's Amended Complaint.

Following the time period permitted for Plaintiff to supplement his Amended Complaint, Defendants Bureau of Prisons and F.M.C. Rochester will be required to answer or otherwise respond by January 25, 2021.

On November 27, 2020, Plaintiff filed a motion seeking assistance from the Marshals Service in perfecting service on Defendants. (Doc. No. 86.) Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 6), the Clerk's Office sent him a packet of USM-285 forms in response. (Doc. No. 87.) Plaintiff should act expeditiously to complete those forms—one per Defendant to be served—and return them so that the Marshals Service can serve the Amended Complaint on the new Defendants, as well as on the existing Defendants who will now be sued also in their individual capacities and thus must be served pursuant to Federal Rule of Civil Procedure 4(i)(3).[4] Because it is

---

[4]   Rule 4(i)(3) provides that "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

6

now Plaintiff's responsibility to fill out and return the USM-285 forms, Plaintiff's Motion for Service of Summons and Complaint is denied.

To the extent any new Defendant is properly served, that Defendant is required to answer or otherwise respond to Plaintiff's Amended Complaint by January 25, 2021, or within 21 days of service, whichever is later.

### III.  Conclusion

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court hereby Orders and separately Recommends the following:

### ORDER

1. **IT IS HEREBY ORDERED THAT** Plaintiff will be given until January 4, 2021, to supplement his Amended Complaint with a notarized affidavit from a physician;

2. Defendants Bureau of Prisons and F.M.C. Rochester must answer or otherwise respond to Plaintiff's Amended Complaint by January 25, 2021;

3. Each new Defendant on whom service of process is properly effected, and each Defendant who waives service, must answer or otherwise respond to Plaintiff's Amended Complaint no earlier than January 25, 2021, or within 21 days of service, whichever is later; and

4. Plaintiff's Motion for Service of Summons and Complaint is **DENIED**.

## RECOMMENDATION

1.  **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss and/or for Summary Judgment **(Doc. No. 60)** be **DENIED** without prejudice as moot; and

2.  Plaintiff's Motion to Strike Defendants' Motion to Dismiss **(Doc. No. 81)** be **DENIED** without prejudice as moot.

Dated: November 30, 2020                     *s/ Becky R. Thorson*
                                             BECKY R. THORSON
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).